UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RAFAEL AGOSTO,

         Petitioner,

                  **DECISION AND ORDER**
  v.                 16-CV-568-A

CHRISTOPHER MILLER, Superintendent,
Great Meadow Correctional Facility,

         Respondent.

---

  This *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254 filed by petitioner Rafael Agosto was referred to Magistrate Judge Jeremiah J. McCarthy pursuant to 28 U.S.C. § 636(b)(1)(B) for proposed findings of fact and recommendations for its disposition. Petitioner Agosto collaterally attacks his criminal conviction and imprisonment for Promoting Prison Contraband in the First Degree in violation of New York Penal Law § 205.25(2). For the reasons that follow, the Court adopts a Report and Recommendation (Dkt. No. 36) of the Magistrate Judge, and the petition for a writ of habeas corpus is denied.

  Petitioner Agosto's prison-contraband conviction was entered in Chemung County Supreme Court based upon conduct of the petitioner while he was imprisoned at the Elmira Correctional Facility for murder, assault, and weapons-possession convictions. Petitioner argues that the Chemung County Supreme Court lacked jurisdiction because he was wrongfully convicted of the earlier crimes, and was therefore unconstitutionally imprisoned at the Elmira Correctional Facility in Chemung County. He also claims that he had been transferred to the Elmira Correctional Facility

from another jail outside that county contrary to law governing his jail placement at the time he was caught with the contraband.

Petitioner Agosto raises additional arguments that a state-court habeas corpus proceeding under Article 70 of the New York Civil Practice Law and Rules that he filed in Chemung County, and that denied a collateral attack on the earlier murder, assault, and weapons-possession convictions, was entered without subject matter jurisdiction because it was filed in the wrong venue. Finally, petitioner Agosto argues that this Court lacks subject matter jurisdiction over his § 2254 petition.

On January 16, 2018, Magistrate Judge McCarthy filed a Report and Recommendation (Dkt. No. 36) recommending that the habeas corpus petition be denied. Petitioner Agosto filed timely objections (Dkt. No. 40), as well as numerous other submissions to support his objections and to preserve arguments he has made in this and other proceedings.

Pursuant to 28 U.S.C. §636(b)(1), the Court makes a *de novo* determination of those portions of the Report and Recommendation to which objections have been made. The Court has given the *pro se* objections of petitioner Agosto the strongest interpretation in his favor that the objections suggest. *See e.g.*, *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995).

Upon *de novo* review, and after considering the parties' arguments, the Court hereby adopts Magistrate Judge McCarthy's proposed findings and recommendations, and the application for a writ of habeas corpus under 28 U.S.C. § 2254 is denied.

Petitioner Agosto has only advanced arguments that misconstrue applicable law[1]. He has made no substantial showing of a denial of a constitutional right, and no certificate of appealability shall issue. The Court certifies, pursuant to 28 U.S.C. § 1915(a), that an appeal from this order would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438 (1962).

**IT IS SO ORDERED.**

*Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT COURT

Dated: April 18, 2018

---

[1] For example, petitioner confuses venue requirements applicable to his Article 70 special proceeding, which he waived if he commenced the proceeding in Chemung County while detained elsewhere in New York, *see e.g.*, *People v. Stewart*, 83 A.D.2d 713 (3d Dep't 1981), with the requirements of subject matter jurisdiction, which can never be waived. *See e.g.*, *Editorial Photocolor Archives v. Granger Collection*, 61 N.Y.2d 517, 523 (1984).